# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Saucey, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Mervyn Cole, on behalf of himself and all others similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California

JUN 04 2018

Sherri R. Carter, Executive Officer/Clerk
By: Rita Nazaryan, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
Stanley Mosk Courthouse, 312 N. Spring St. Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso)* BC707895

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shannon Liss-Riordan, 729 Boylston Street, Suite 2000, Boston, MA 02116

DATE: 06/042018          Clerk, by   RITA NAZARYAN          , Deputy
*(Fecha)*  JUN 04 2018    SHERRI R. CARTER *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Saucey, Inc.

   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:	(617) 994-5800
Facsimile:	(617) 994-5801

ORIGINAL FILED
Superior Court of California

JUN 04 2018

Sherri R. Carter, Executive Officer/Clerk
By: Ilia Nazaryan, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

MERVYN COLE, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

SAUCEY INC.,

    Defendant.

Case No. BC707895

**CLASS ACTION COMPLAINT**

1. FAILURE TO REIMBURSE FOR BUSINESS EXPENSES (CAL. LAB. CODE § 2802, WAGE ORDER 9)
2. MINIMUM WAGE (CAL. LABOR CODE §§ 1194, 1197, WAGE ORDER 9, *et seq.*)
3. OVERTIME (CAL. LABOR CODE §§ 1194, 1198, 510, 554, WAGE ORDER 9)
4. WILLFUL MISCLASSIFICATION (CAL. LABOR CODE § 226.8, WAGE ORDER 9)
5. UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§17200-17208)

BY FAX

## I. INTRODUCTION

1. This case is brought on behalf of individuals who have worked as Saucey delivery drivers in California. Saucey Inc. ("Saucey") provides on-demand alcohol delivery to customers through its mobile phone application and website. Saucey is based in Los Angeles, California, but it does business extensively throughout California.

2. As described further below, Saucey has willfully misclassified its delivery drivers including Plaintiff Mervyn Cole, in violation of Cal. Labor Code § 226.8. Additionally, because of delivery drivers' misclassification as independent contractors, Saucey has unlawfully required delivery drivers to pay business expenses (such as for their gas, vehicle maintenance, and phone/data expenses) in violation of Cal. Lab. Code § 2802 and has also failed to pay required minimum wage for all hours worked in violation of Cal. Lab. Code §§ 1197 and 1194 and has failed to pay overtime in violation of Cal. Lab. Code §§ 1194, 1198, 510, 554. Saucey's practices also violate Wage Order 9, governing the transportation industry.

## II. PARTIES

3. Plaintiff Mervyn Cole is an adult resident of Los Angeles, California, where he has worked as a delivery driver for Saucey.

4. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as delivery drivers for Saucey throughout California.

5. Defendant Saucey, Inc. ("Saucey") is a Delaware corporation, headquartered in Los Angeles, California.

## III. JURISDICTION

6. This Court has jurisdiction over Plaintiffs' claims pursuant to California Code of Civil Procedure § 410.10. The monetary relief which Plaintiffs seek is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

7. Venue is proper in this Court pursuant to Code of Civ. P. §§ 395 and 395.5 because Saucey is headquartered in Los Angeles County. Furthermore, Defendant engages in business activities in and throughout the State of California, including Los Angeles County.

## IV. STATEMENT OF FACTS

8. Saucey is a Los Angeles-based alcohol delivery service, which engages delivery drivers across the state of California to deliver alcohol to its customers.

9. Saucey offers customers the ability to order alcohol and mixers through its mobile phone application or via its website, which Saucey delivery drivers then deliver to customers.

10. Saucey holds itself out to the public as an alcohol delivery service. Its website homepage advertises "Alcohol Delivery" and offers its customers "30 - Minute Alcohol Delivery. Spend Life with friends… not in liquor stores." Saucey's website also promotes the speed of its deliveries and the ability of customers to track their delivery right to their doorstep.

11. Plaintiff Mervyn Cole has driven for Saucey from April 2016 until November 2017.

12. Saucey classifies its delivery drivers like Mr. Cole as "independent contractors," but under California law, they should be classified as employees.

13. Saucey delivery drivers perform services within Saucey's usual course of business as an alcohol delivery service. The delivery drivers' services are fully integrated into Saucey's business. Without delivery drivers to perform deliveries, Saucey would not exist.

14. Saucey delivery drivers are not typically engaged in their own delivery business. When delivering items for Saucey customers, they wear the "hat" of Saucey. Saucey customers cannot request a particular delivery driver for their orders.

15. In addition, Saucey maintains the right of control over the delivery drivers' performance of their jobs and exercises detailed control over them.

3
CLASS ACTION COMPLAINT

16. For example, Saucey unilaterally sets the pay scheme and rate of pay for delivery drivers' services and changes the rate of pay in its sole discretion.

17. Saucey dispatchers communicate frequently with drivers, assigning orders, checking on order status, and instructing drivers on how to handle any issues that arise during a delivery.

18. Saucey communicates directly with customers and follows up with delivery drivers if the customer complains that the delivery failed to meet their expectations. Saucey also solicits customer ratings out of five stars and based on customer feedback, Saucey may suspend or terminate delivery drivers in its discretion.

19. Saucey does not reimburse delivery drivers for any expenses they may incur while working for Saucey, including, but not limited to the cost of maintaining their vehicles, gas, insurance, and phone and data expenses for running the Saucey Application on their phones. Delivery drivers incurred these costs as a necessary expenditure to obtain employment with Saucey, which California law requires employers to reimburse.

20. Saucey has unilaterally controlled the pay scheme for drivers and has paid delivery drivers a fee per delivery plus a fee per item delivered. Saucey has failed to ensure that its delivery drivers receive the applicable state minimum wage for all hours worked, and delivery drivers sometimes do not average minimum wage for all hours worked, particularly when their expenses are taken into account and given that customers' tips cannot count toward Saucey's minimum wage obligations.

21. On April 30, 2018, the California Supreme Court issued its decision in Dynamex Operations W., Inc. v. Superior Court, 4 Cal. 5th 903, 416 P.3d 1 (2018), which makes clear that Saucey delivery drivers should be classified as employees rather than as independent contractors under California law for purposes of wage-and-hour statutes like the ones at issue here.

4
CLASS ACTION COMPLAINT

Notwithstanding this decision, Saucey has willfully continued to misclassify its delivery drivers as independent contractors.

## V. CLASS ALLEGATIONS

22. Plaintiff Mervyn Cole brings this case as a class action pursuant to California Code of Civil Procedure § 382 on behalf of all Saucey delivery drivers who have worked for Saucey in California.

23. Plaintiff and other class members have uniformly been deprived reimbursement of their necessary business expenditures.

24. The members of the class are so numerous that joinder of all class members is impracticable.

25. Common questions of law and fact regarding Saucey's conduct in classifying delivery drivers as independent contractors, failing to reimburse them for business expenditures, and failing to ensure they are paid at least minimum wage and overtime, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a. Whether the work performed by class members—providing delivery driver service to customers—is within Saucey's usual course of business, and whether such service is fully integrated into Saucey's business;

    b. Whether class members are typically engaged in their own delivery businesses or whether they wear the "hat" of Saucey when performing delivery services;

    c. Whether class members have been required to follow uniform procedures and policies regarding their work for Saucey;

    d. Whether class members have been required to bear the expenses of their employment, such as expenses for maintaining their vehicles and expenses for gas, insurance, phone and data plan.

26. Named plaintiff Mervyn Cole is a class member who suffered damages as a result of Defendant's conduct and actions alleged herein.

27. The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

28. The named plaintiff will fairly and adequately represent and protect the interests of the class. The named plaintiff has retained able counsel experienced in class action litigation. The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

29. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Expense Reimbursement
**Violation of Cal. Lab. Code § 2802, Wage Order 9**

31. Defendant's conduct, as set forth above, in misclassifying Saucey delivery drivers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section

2802. This claim is brought on behalf of a class of similarly situated individuals who have worked for Saucey in California.

## COUNT II
### Willful Misclassification
### Violation of Cal. Lab. Code § 226.8, Wage Order 9

32. Defendant's conduct, as set forth above, in continuing to classify delivery drivers as independent contractors notwithstanding the California Supreme Court's decision in <u>Dynamex Operations W., Inc. v. Superior Court</u>, No. S222732, 2018 WL 1999120 (Cal. Apr. 30, 2018), which makes clear that delivery drivers are employees under California law, violates Cal. Lab. Code § 226.8 and constitutes willful misclassification. This claim is brought on behalf of a class of similarly situated individuals who have worked for Saucey in California.

## COUNT III
### Minimum Wage
### Violation of Cal. Lab. Code §§ 1197 and 1194, Wage Order 9; Los Angeles County Minimum Wage (Ord. 2015-0039, § 3, 2015); San Francisco Minimum Wage Ordinance

33. Defendant's conduct, as set forth above, in failing to pay its drivers minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197 and 1194 (as well as the higher minimum wage rates established by the Los Angeles County Minimum Wage Ordinance and San Francisco Minimum Wage Ordinance for those delivery drivers who performed work in these jurisdictions). This claim is brought on behalf of a class of similarly situated individuals who worked for Saucey in California.

## COUNT IV
### Overtime
**Violation of Cal. Lab. Code §§ 510, 554, 1194, 1198, Wage Order 9**

34. Defendant's conduct, as set forth above, in failing to pay its drivers overtime for all hours worked beyond forty per week or eight per day, as required by California law, violates Cal. Lab. Code §§ 1194, 1198, 510 and 554. This claim is brought on behalf of a class of similarly situated individuals who worked for Saucey in California.

## COUNT V
### Unfair Business Practices
**Violation of Cal. Bus. & Prof. Code §17200, *et seq*.**

35. Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code §§ 2802, 1194, 1197, and 226.8. As a result of Defendant's unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to business expenses that delivery drivers were required to pay and wages that delivery drivers were due. Pursuant to California Business and Professions Code § 17203, Plaintiff and class members seek declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and class members who worked for Saucey are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that the Defendant violated the UCL and Cal. Lab. Code §§ 2802, 1194, 1197, 1198, 510, 554 and 226.8;

b. Certify a class action under Count I through V and appoint Plaintiff Mervyn Cole and his counsel to represent a class of Saucey delivery drivers who have worked in

8
CLASS ACTION COMPLAINT

California;

c. Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

d. Award pre- and post-judgment interest;

e. Award reasonable attorneys' fees, costs, and expenses;

f. Issue a public injunction in the form of an order requiring Defendant to comply with the California Labor Code; and

g. Any other relief to which Plaintiff and the class may be entitled.

Respectfully submitted,

MERVYN COLE, on behalf of himself and all others similarly situated,

By his attorneys,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, SBN 310719
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com

Dated:   June 4, 2018

9
CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shannon Liss-Riordan (SBN310719)<br>Lichten & Liss-Riordan, P.C.<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>TELEPHONE NO.: 617-994-5800  FAX NO.: 617-994-5801<br>ATTORNEY FOR (Name): Plaintiff | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 04 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Rita Nazaryan, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 312 N. Spring St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse | |
| CASE NAME:<br>Cole v. Saucey, Inc. | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC707895<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ✓ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

   BY FAX

2. This case ✓ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ✓ Substantial amount of documentary evidence
   d. ✓ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ✓ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action (specify): Cal. Lab. Code Sections 2802, 1194, 1197, 1198, 510, 554, 226.8, UCL
5. This case ✓ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 06/04/2018
Shannon Liss-Riordan
(TYPE OR PRINT NAME)                                          ▶ /s/ Shannon Liss-Riordan
                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: Cole, at el. v. Saucey Inc. | CASE NUMBER: BC707895 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases -- unlawful detainer, limited non-collection, limited collection, or personal injury).

BY FAX

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 1, 11 |
|  | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
|  | ☐ A7240 | Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1, 4, 11 |
|  | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
|  | ☐ A7270 | Intentional Infliction of Emotional Distress | 1, 4, 11 |
|  | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

Auto Tort / Other Personal Injury/ Property Damage/ Wrongful Death Tort

| SHORT TITLE: Cole, at el. v. Saucey Inc. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Cole, at el. v. Saucey Inc. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Cole, at el. v. Saucey Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90048 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Stanley Mosk Courthouse_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 6/4/2018

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Shannon Liss-Riordan (310719)<br>Lichten & Liss-Riordan, P.C.<br>729 Boylston St. Suite 2000<br>Boston, MA 02116<br>TELEPHONE NO.: 617-994-5800   FAX NO. *(Optional)*: 617-994-5800<br>E-MAIL ADDRESS *(Optional)*: sliss@llrlaw.com, mfranco@llrlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiffs | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 312 N. Spring Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk | |
| PLAINTIFF/PETITIONER: Mervyn Cole, et al.<br>DEFENDANT/RESPONDENT: Saucey, Inc. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>BC707895 |

TO *(insert name of party being served)*: Saucey, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 16, 2018

Mary Franco
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [ ] Other *(specify)*:

*(To be completed by recipient)*:

Date this form is signed:

▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
*www.courtinfo.ca.gov*